UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISAIAH Z. SMITH,

      Petitioner,

                                               Case No.  2:15-cv-73

v.

                                               HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.

_____/

**OPINION AND ORDER**

      This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation ("R&R") on July 25, 2016, recommending that this Court deny the petition. (ECF No. 14.) The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 15.)

      This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner objects to the Magistrate Judge's conclusion that Petitioner's plea was knowing and voluntary, and that trial counsel was effective during the plea phase. Petitioner raised the same claims in a delayed application for leave to appeal, and the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." (ECF No.1-2, PageID.16.) When a petitioner's claim has been adjudicated on the merits in state court, § 2254(d) provides that a habeas petition shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceeding.

28 U.S.C. § 2554(d)(1)-(2).

This Court may only consider the clearly established holdings of the Supreme Court when analyzing Petitioner's claim under § 2254(d). *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state-court decision may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law; (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision; (3) it unreasonably applies correct Supreme Court precedent to the facts of the case; (4) it unreasonably extends Supreme Court legal principles where it should not apply; or (5) it unreasonably refuses to extend Supreme Court legal precedent where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). This Court defers to state-court decisions when the state court addressed the merits of Petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The state court's factual findings are

presumed to be correct but may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner argues that he did not "receive proper advice or [know of] the consequences of a guilty plea." (ECF No. 15, PageID.709.) A guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. *Boykin v. Alabama*, 395 U.S. 238 (1969). A criminal defendant knowingly pleads guilty when he understands the nature of the charge and the likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970). This includes whether the defendant is aware of the maximum and minimum sentences that may be imposed. *See Brown v. Perini*, 718 F.2d 784 (1983). A guilty plea entered by a defendant who is " fully aware of the direct consequences . . . , must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Talbert v. Stovall*, No.06-CV-12254, 2007 WL 1599702 (E.D. Mich. May 31, 2007). When a defendant brings a federal habeas petition challenging his guilty plea, the state generally satisfies its burden to show that the plea was voluntary and intelligent by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

Here, the prosecutor gave a written plea agreement to Petitioner, his attorney, and the trial judge. (ECF No. 10-4, PageID.254.) At the plea hearing, the prosecutor also read the agreement onto the record. (*Id.* at PageID.257-58.) Then, the court conducted the plea

colloquy. After the colloquy, the court found that petitioner's guilty plea was knowing and voluntary, and that there was no undue influence, compulsion, duress, or promises made, except for those stated on the record or contained in the written plea agreement. (*Id.* at PageID.293-95.) During Petitioner's plea colloquy, he admitted that he knew the consequences of his plea. (*Id.* at PageID.264.) Petitioner has not presented clear and convincing evidence to overturn the state-court finding that Petitioner's plea was knowing and voluntary.

Petitioner also argues that his plea is illusory because double jeopardy precludes a defendant from being convicted of both first-degree murder and felony murder. An illusory plea bargain is one that offers no real benefit to the defendant. *Johnson v. Michigan Parole Bd.*, No. 2:11-CV-11674, 2012 WL 6853535, at *12 (E.D. Mich. Dec. 6, 2012) (citing *United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000)). If a prosecutor's promise is illusory, then a plea is not voluntary and knowing. *Wolfe v. McKee*, No. 1:12-CV-600, 2015 WL 1275416, at *12 (W.D. Mich. Mar. 19, 2015) (citing *Randolph*, 230 F.3d at 250-51). For example, a defendant's plea is not knowing and voluntary if there is a legal bar to conviction on the charge that is dismissed under a plea bargain, and a defendant's plea is induced by a promise to forgo that charge. *See People v. Graves*, 523 N.W.2d 876, 878 (Mich. Ct. App. 1994) (holding that defendant was entitled to withdraw his guilty plea when he was induced by a promise to forgo a charge that was legally barred).

Petitioner is correct that convictions for both first-degree murder and felony murder, arising from the death of a single victim, would violate double jeopardy. *See People v.*

4

*Bigelow*, 581 N.W.2d 744, 745-45 (Mich. Ct. App. 1998) (overruling *People v. Passeno*, 489 N.W.2d 152 (1992), and holding that dual convictions for premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and felony murder, Mich. Comp. Laws § 750.316(1)(b), arising from the death of a single victim, violated double jeopardy). Petitioner was charged with first-degree murder, first-degree felony murder, first-degree home invasion, firearm possession, and possession of a firearm when committing a felony. (ECF No.10-1, PageID.173.) The prosecutor dismissed the charges of first-degree murder and felony murder in exchange for Petitioner's plea of guilty to second-degree murder. (ECF No. 10-4, PageID.254.) Petitioner was not induced to plead guilty by a promise to forgo a charge that was legally barred. Petitioner could have been convicted of first-degree murder or felony murder. By pleading guilty, Petitioner avoided a life sentence without parole. *See* Mich. Comp. Laws §750.316 (first-degree murder carries a sentence of life imprisonment without parole); Mich. Comp. Laws §750.317 (second-degree murder carries a sentence of any term of years or life with the possibility of parole). Petitioner received real benefits in exchange for his guilty plea. Therefore, the plea was not illusory, and the Michigan Court of Appeals decision that this claim lacked merit was not based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

Petitioner also argues that trial counsel was ineffective because counsel did not challenge the prosecution's case or assess all of the discovery materials before finalizing plea negotiations. Petitioner claims that counsel failed to investigate and determine whether the prosecutor had legally sufficient evidence for a first-degree murder conviction.

5

There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming this presumption. *Id.* To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsel's constitutionally-deficient performance, he would not have pleaded guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

During Petitioner's plea hearing, he expressly acknowledged that his attorney was well-prepared and ready to proceed with trial. (ECF No. 10-5, PageID.261-62.) Under oath, Petitioner agreed that he had met with his attorney to discuss trial strategies, potential witnesses, evidence, and the likelihood that the jury would find him guilty of first-degree murder or felony murder. (*Id.* at PageID.261.) He acknowledged that his attorney was prepared, and that they had spoken in length about defenses and trial plans. (*Id.*) He agreed that his attorney told him that it would be difficult for a jury to return a verdict of second-degree murder based on the prosecutor's evidence. (*Id.*) He also admitted that a reason why he wanted to take the deal was because he "didn't want to put [his] family members through this again." (*Id.* at PageID.262.) The record is clear: Petitioner's attorney was not unprepared

for trial. Moreover, Petitioner has not shown that he would have chosen to go to trial but for his attorney's allegedly deficient performance. Petitioner has not satisfied either prong of *Strickland*. The Michigan Court of Appeals did not unreasonably determine that Petitioner's claim lacked merit in light of the evidence presented in the state-court proceeding. Further, the decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

Although Petitioner disagrees with the Magistrate Judge's conclusions regarding these issues, Petitioner has not demonstrated that the conclusions were erroneous. The R&R accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis on these issues.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 15) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c).  Reasonable jurists would not disagree with the Court's conclusion that the claims are meritless. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will enter that is consistent with this order.


Dated: October 11, 2016                              /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE